[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16343
Non-Argument Calendar

_____

D. C. Docket No. 06-00190-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANCISAR RENTERIA-BALANTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 13, 2007)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Ancisar Renteria-Balanta ("Balanta")[1] appeals his sentence of 120 months of imprisonment for conspiracy to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 app. U.S.C. § 1903(a), (g) and (j),[2] and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 app. U.S.C. § 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Upon review, we conclude that the district court correctly determined that Balanta did not deserve a minor role reduction, and that Balanta has failed to establish that his sentence was unreasonable. Accordingly, we AFFIRM.

## I. BACKGROUND

On 16 May 2006, while on patrol in international waters, a United States maritime aircraft sighted a go-fast vessel southwest of the Galapagos Islands. As the United States Coast Guard closed in on the boat, the crew on the vessel set it on fire, and all five crew members jumped into the water. The Coast Guard rescued the crew --- which consisted of Balanta and four other individuals --- and

---

[1] At a pre-sentencing hearing before the district court, the defendant-appellant indicated that his proper name was "Balanta-Renteria," not "Renteria-Balanta" as had been indicated in the Indictment. See R2 at 3, 6, 8. For ease of reference, we refer to the defendant-appellant simply as "Balanta" throughout this opinion.

[2] The appendix to Title 46 containing the subject provisions was repealed effective 6 October 2006, and reenacted as 46 U.S.C. §§ 70503 and 70506 with no relevant changes.

attempted to extinguish the fire as the vessel sank. After capsizing, multiple bales of cocaine floated to the surface. The Coast Guard recovered 36 bales of cocaine, plus another 715 individual bricks from the damaged bales, resulting in a total of 4,000 pounds (1,814 kilograms) of cocaine.

After being indicted by a grand jury, Balanta pled guilty to one count of conspiracy to possess with intent to distribute five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, and one count of possession with intent to distribute five kilograms of cocaine. Prior to sentencing, the probation officer prepared a pre-sentence investigation report ("PSI") in Balanta's case.

The PSI assigned Balanta a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c). Balanta was then granted a two-level reduction pursuant to the "safety valve" provisions of U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2. An additional three points were deducted for Balanta's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Thus, Balanta's resulting offense level was 33, and his criminal history category was Category I, which produced a recommended sentencing range of 135 to 168 months of imprisonment. Balanta's charged offense carried a mandatory minimum term of imprisonment of 10 years, pursuant to 21 U.S.C. § 960(b)(1)(B); however, because Balanta met the "safety valve" criteria set forth in

3

18 U.S.C. § 3553(f)(1)(5), the PSI indicated that the district court could impose a sentence without regard to the statutory minimum sentence.

At sentencing, Balanta argued that he should receive a minor role reduction, pursuant to U.S.S.G. § 3B1.2(b). The court ultimately overruled this objection, however, finding that Balanta had not established that his role in the conduct for which he had been held accountable had been any less than the conduct of the other conspirators.

Balanta addressed the court at the sentencing hearing. He stated that he was poor and had children to support, and that he had gotten involved in cocaine trafficking to help his family. Balanta's counsel pointed out that he had cooperated with the government and had been forthcoming with information. In response, the government agreed that the level of detailed information Balanta had provided, and his level of honesty, had both been "above average." R3 at 26.

The government stated that Balanta and the other crew members had given a proffer stating that each had expected to receive the equivalent of approximately $15,000 for importing the cocaine. The government also pointed out that Balanta had admitted to participating in a previous trip on a go-fast vessel, in which he had smuggled drugs. In light of this evidence, the government argued that a sentence within the Guidelines range would be reasonable, though the government indicated

4

that it had no objection to a sentence on the low end of that range.

In sentencing Balanta, the court recognized that Balanta had smuggled cocaine on a previous occasion. The court stated, however, that it had empathy for Balanta because he had small children and was 32 years old, and it noted that Balanta had provided information to the government about his previous conduct voluntarily, with no obligation to do so. The court stated that it "would give him the benefit of consideration in that regard." Id. at 28.

In imposing its sentence, the court stated that "[u]ltimately the question is what sentence is sufficient but not greater than necessary." Id. at 29. The court indicated that, in addition to considering the § 3553(a) factors, the Guidelines range, and the PSI, it had also considered that Balanta had willingly provided information to the government; that he came from an impoverished background; and that numerous letters from Balanta's hometown had been submitted on his behalf.

The court then sentenced Balanta to 120 months of imprisonment, which was below the recommended Guidelines range of 135 to 168 months. The court stated that such a sentence was "sufficient but not more than necessary to satisfy the statutory purposes of sentencing" below the guideline range. Id. at 30. The court also stated its view that the facts of Balanta's "background and circumstances

5

[] suggest that a 10-year sentence is a just and fair sentence, not overly excessive, but not minimum, by any means." Id. at 32.  This appeal followed.

## II.  DISCUSSION

On appeal, Balanta makes two arguments.[3]  First, he contends that the district court clearly erred by not granting him a minor role adjustment in calculating his sentence, pursuant to U.S.S.G. § 3B1.2(b).  Second, Balanta argues that the court's sentence of 120 months of imprisonment was unreasonable.  We address each of these arguments in turn.

## A.  District Court's Failure to Grant a Minor Role Adjustment

Balanta first argues that the sentencing court clearly erred by not granting him a mitigating role adjustment, pursuant to U.S.S.G. § 3B1.2(b).  He contends that many other individuals in the conspiracy played a greater role than him; that he was the lowest ranking member on board the vessel; that he did not help with the navigation of the boat; that he was not going to be paid a commission for the sale of the drugs and had no ownership interest in them; and that other similarly situated defendants in other boat cases received minor role adjustments.

---

[3] Balanta makes a third argument on appeal by adopting co-defendant Martin Sinisterra's contention that the Maritime Drug Enforcement Act, 46 U.S.C. app. §§ 1901-1904, is unconstitutional.  We rejected this argument in Sinisterra's appeal as being meritless, see United States v. Sinisterra, No. 06-15824, 2007 WL 1695698 at *4 (11th Cir. June 13, 2007) (unpublished), and we do so here for the same reasons.

We review a district court's determination of a defendant's role in the offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc) (citations omitted). Further explaining the clear error standard, we have stated that

> a trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review. So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

Id. at 945 (internal citation and quotation omitted).

According to U.S.S.G. § 3B1.2(b), a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939 (citations omitted). In determining whether a minor role adjustment should apply, the district court should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [the] relevant

7

conduct." Id. at 940.

As to the first prong, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable --- not a minor role in any larger criminal conspiracy --- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Moreover, "in the drug courier context . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive --- in and of itself --- in the extreme case." Id. at 943. As to the second prong of the De Varon analysis, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence"; and (2) "were involved in the relevant conduct attributed to the defendant." Id. at 944. We have indicated, however, that in many cases the first prong of the De Varon analysis may be dispositive as to whether the defendant is entitled to a minor role reduction. Id. at 945.

In this case, Balanta was held accountable for the smuggling of 1,814 kilograms of cocaine. Balanta's assertions --- that he was not going to be paid a commission, that he did not own the boat, that he did not navigate the boat, and that he was a mere courier --- do not establish that his role in transporting the

8

cocaine was minor under our case law. While these assertions might suggest that Balanta did not have a large role in the overall drug smuggling scheme, as we explained in De Varon, a defendant's minor role in the larger conspiracy is not the pertinent inquiry; the question under § 3B1.2 is whether the defendant's role in the criminal conduct for which has been held accountable (in this case, importing 1,814 kilograms of cocaine) could be characterized as minor. See De Varon, 175 F.3d at 944. Balanta's argument that the district court did not consider that he played no role in planning the larger criminal scheme ignores the fact that, as we made clear in De Varon, it is "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing" that matters, and not his role in the broader conspiracy. See id. at 940.

Here, Balanta has failed to demonstrate how, if at all, his role in the conduct for which he was held accountable was minor. First, Balanta's argument that the court failed to consider his role in the conspiracy as compared to other crew members ignores the fact that he did not offer any evidence to differentiate himself from other crew members. In fact, the government presented uncontroverted evidence that Balanta and his fellow crew members each expected to receive the same amount --- approximately $15,000 --- for participating in the smuggling operation. Moreover, Balanta pled guilty and did not challenge the fact that he was

9

held responsible for the full amount of cocaine that was on the boat --- 1,814 kilograms --- a fact which, we have held, may be a material consideration for the district court in determining whether a minor role adjustment is warranted. See id. at 943 ("[T]he amount of drugs in a courier's possession . . . may be the best indication of the magnitude of the courier's participation in the criminal enterprise.").

In light of this evidence, the district court did not commit clear error in denying Balanta's request for a minor role reduction. The burden is on Balanta to demonstrate, by a preponderance of the evidence, that he played a minor role in the conduct for which he was held accountable. See De Varon, 175 F.3d at 939. Because Balanta presented scant evidence, other than his own general assertions, to establish that he had a minor role in importing 1,814 kilograms of cocaine, and because, in contrast, the government presented uncontroverted evidence that Balanta participated in the smuggling operation and was paid for doing so, the district court did not clearly err in denying his motion for a minor role adjustment. See, e.g., United States v. De La Cruz, 443 F.3d 830, 832 (11th Cir. 2006) (per curiam) (holding that the district court committed no clear error in denying a minor role reduction where the defendant produced no evidence to support the request and the government, in contrast, produced evidence indicating that the defendant

was paid for his efforts and had participated in prior maritime drug smuggling operations); see also U.S.S.G. § 3B1.2, comment. (n. 3) ("As with any other factual issue, the court, in weighing the totality of the circumstances is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted.").

B.  Reasonableness of Balanta's Sentence

Balanta argues that his prison sentence of 120 months was unreasonable, because he is poor, has a family, and is from Colombia where the government does not provide adequate financial and medical care for its citizens.  Balanta contends that the court gave no weight to his poverty.  He also argues that recidivism is unlikely in his case.  Balanta argues that a sentence below the guideline range would have been "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a)(2).  Br. of Appellant at 15.  In addition, he argues that not giving him a minor role reduction created unwarranted sentencing disparities from other boat cases, in contravention of 18 U.S.C. § 3553(a)(6).

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors."  United States v. Martin, 455 F.3d 1227, 1237 (11th

11

Cir. 2006) (brackets in original) (citations and internal quotations omitted). We have held that "a sentence may be reviewed for procedural or substantive unreasonableness," and that "a sentence may be substantively unreasonable, regardless of the procedure used." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "Review for reasonableness is deferential," and the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Section 3553(a) provides that district courts must consider a number of factors, including, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6). The burden of establishing that a particular sentence is unreasonable in light of these factors lies with the party challenging the sentence. Talley, 431 F.3d at 788.

In Balanta's case, the record establishes that the district court: (1) considered the recommendations set forth in the PSI; (2) correctly calculated the advisory

12

Guidelines range; (3) considered the factors set forth in 18 U.S.C. § 3553(a) and discussed those factors in determining Balanta's sentence; and (4) considered the mitigating circumstances in Balanta's case. In light of this evidence, we conclude that the sentence that the district court ultimately imposed was reasonable, and that Balanta has failed to meet his burden of demonstrating that his sentence was in any way procedurally or substantively unreasonable.

Balanta's argument that his sentence was unreasonable because he is poor and has dependent children is misplaced, because the record makes clear that the court did, in fact, consider these facts in reaching its sentence. See R3 at 28 (stating that the court is "empathetic" with Balanta because he has small children); id. at 30 (mentioning Balanta's "impoverished background"). Having considered these factors, the district court was free to determine the weight to be accorded them. See United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006) (holding that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court" (citation omitted)), cert. denied, ___ U.S. ___, 127 S. Ct. 3040 (2007).

In addition, Balanta's argument that not giving him a minor role reduction creates unwarranted sentencing disparities with other boat cases, in violation of § 3553(a), is without merit. The district court noted that sometimes minor role

13

reductions are granted and other times they are not --- and that the decision depends on the facts of each case. In Balanta's case, the district court did not find, and Balanta did not present, any facts that showed he was less culpable than other participants in the conspiracy for which he was held accountable. Moreover, Balanta's offenses involved a large drug quantity, over 1,800 kilograms, which was substantially more than the 150 kilogram minimum necessary to achieve the maximum offense level contemplated by the sentencing guidelines under U.S.S.G. § 2D1.1(c). In short, Balanta has failed to demonstrate that his sentence was procedurally or substantially unreasonable in light of the § 3553(a) factors.

## III. CONCLUSION

Balanta has appealed his 120 month sentence, arguing: (1) that the court clearly erred by refusing to grant him a minor role reduction under U.S.S.G. § 3B1.2(b); and (2) that his sentence was unreasonable. Upon review of the record, we discern no error. Therefore, we **AFFIRM.**