[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13901
Non-Argument Calendar

_____

D. C. Docket No. 06-00190-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 28, 2008)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Reyes appeals his 120-month sentence imposed after he pled guilty

to one count of conspiracy to possess with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), (j),[1] and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.  We affirm.

## I. BACKGROUND

Reyes was among five crew members on a go-fast boat transporting cocaine from Colombia.  When a United States Coast Guard cutter approached the boat in the Eastern Pacific Ocean, the crew set the go-fast boat on fire and jumped into the sea.  As the boat began to sink, multiple bales of cocaine floated to the surface. The Colombian crew members were detained and identified; no one admitted to being the captain or master.  A total of 1,814 kilograms of cocaine were recovered from the wreckage of the go-fast boat.  After being taken into custody, several of the crew members identified one of them as the captain but stated that they took turns navigating.

Following Reyes's guilty plea, a probation officer prepared his Presentence

---

[1] Effective October 6, 2006, these statutory provisions were codified at 46 U.S.C. §§ 70503, 70506.

Investigation Report ("PSI"), which grouped the two counts together, pursuant to U.S.S.G. § 3D1.2(d) (2006). Reyes's base offense level was calculated at 38, because he was accountable for 1,814 kilograms of cocaine, and his offense involved at least 150 kilograms of cocaine, pursuant to U.S.S.G. § 2D1.1(c). Reyes received a two-level reduction because he met the criteria in U.S.S.G. § 5C1.2(a)(1)-(5), pursuant to § 2D1.1(b)(9), and a three-level reduction for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Based on his total offense level of 33 and his criminal history category of I, his Sentencing Guidelines range was 135 to 168 months of imprisonment. The statutory minimum for a violation of 21 U.S.C. § 960(b)(1)(B) was ten years of imprisonment. Because Reyes met the criteria of 18 U.S.C. § 3553(f)(1)-(5), the district judge could impose a sentence within the applicable Sentencing Guidelines range without regard to the statutory minimum. Defense counsel objected to the PSI and argued that Reyes's role as a transporter qualified him for a two-level, mitigating-role reduction under U.S.S.G. § 3B1.2.

At sentencing, defense counsel argued that Reyes was entitled to a mitigating-role reduction because he was "nothing more than a seaman," whose role was limited to moving cargo, which was cocaine. R2 at 3. Defense counsel contended that Reyes did not own the cocaine, did not receive a commission based

3

on the amount of cocaine, and had no supervisory authority.  Id. at 4.   The

government proffered that Reyes was to receive a total of thirty million pesos for

his participation.  Id. at 14.

The district judge denied Reyes a minor-role reduction and stated that, even

though Reyes was "nothing more than a deckhand moving merchandise," he had

not shown that he was less culpable than the other members of the conspiracy who

played "essential and important roles to the object of the conspiracy."  Id. at 16, 18.

The district judge further commented: "The transporting of these quantities of

cocaine across the Pacific Ocean is an essential part of the overall conspiracy.

Whether there are five crewmen or three crewmen or 15 crewmen, they're all

essential participants to the transportation aspect of the conspiracy."  Id. at 10.  The

judge stated that Reyes's relevant conduct was the criminal activity for which he

was being held accountable; consequently, he could not establish a minor role by

comparison with the larger criminal conspiracy.  Id. at 17.

After considering the factors in 18 U.S.C. § 3553(a) and the Sentencing

Guidelines range, the judge sentenced Reyes below the Guidelines range to 120

months of imprisonment for each count to run concurrently, and a total of five

years of supervised release.  Reyes's counsel did not object to his sentence.  On

appeal, he argues that the district judge clearly erred in not awarding Reyes a

downward adjustment for his mitigating role in the offense under U.S.S.G. § 3B1.2, because he was merely a transporter or crewman, who did not own, sell, or distribute drugs in exchange for money.

## II. DISCUSSION

We review for clear error whether a district judge correctly determined a defendant's qualification for a Sentencing Guidelines adjustment. <u>United States v. Perez-Oliveros</u>, 479 F.3d 779, 783 (11th Cir.), <u>cert.</u> <u>denied</u>, __ U.S. __, 127 S.Ct. 2964 (2007). A defendant may receive an adjustment for his mitigating role in the offense if he "plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 comt. n.3(A). A defendant warrants a four-level reduction for playing a minimal role in an offense, if he is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2(a) comt. n.4. A two-level, minor-role reduction is appropriate if a defendant is less culpable than most other participants, but his "role could not be described as minimal." U.S.S.G. § 3B1.2(b) comt. n.5. For defendants whose role in the criminal conduct was between minimal and minor, a three-level reduction is available. U.S.S.G. § 3B1.2. If a defendant with an offense level of 38 receives a mitigating-role adjustment, the defendant receives a four-level reduction. U.S.S.G. § 2D1.1(a)(3).

5

A defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). The district judge's determination concerning a role adjustment is premised on a case-by-case factual inquiry. U.S.S.G. § 3B1.2 comt. n.3(C). We accord the district judge "considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1278 (11th Cir. 2002). It is not necessary for the district judge to make specific findings of fact, "[s]o long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law." De Varon, 175 F.3d at 945.

Under De Varon, the district judge conducts a two-part analysis of a defendant's conduct to determine whether the defendant warrants a minor-role reduction. First, the judge must assess whether a defendant is a minor participant in the relevant conduct attributed to him in calculating his base offense level. Id. at 941. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable – not a minor role in any larger

6

criminal conspiracy – should the district court grant a downward adjustment for minor role in the offense." Id. at 944.

Under the second part of the De Varon analysis, the district judge may also assess a defendant's culpability relative to any other participants in the relevant criminal conduct. Id. "First, the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence. . . . Second, the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

The record supports the judge's finding that Reyes did not play a minor role in his offense. Under the first part of the De Varon analysis, the record shows that Reyes was held accountable for the amount of cocaine that was on board the go-fast boat, because his base offense level resulted from his possession of 1,814 kilograms of cocaine, an amount to which he did not object. Reyes conceded that he had helped move the cocaine from place to place. Consequently, the judge determined that Reyes played an important part in achieving the objective of the conspiracy, and his role was not minor in the relevant conduct of possession and conspiracy to possess with the intent to distribute the cocaine. Reyes may not compare his actions to the larger criminal conspiracy to justify a mitigating-role

7

reduction. Significantly, the large amount of cocaine involved supports the district judge's finding that Reyes is not entitled to a minor-role adjustment. De Varon, 175 F.3d at 943 (recognizing that a substantial amount of drugs is a material, if not dispositive, consideration in finding that a defendant did not play a minor role). Therefore, because the district judge held Reyes accountable for the large quantity of cocaine, to which he conceded he possessed, his claim fails under the first part of the De Varon analysis. 175 F.3d at 941.

Under the second, permissive part of the De Varon analysis, Reyes cannot show that he was substantially less culpable than the other participants in the conspiracy. Aside from the boat's captain, Reyes offered no evidence to distinguish himself from the other crew members in the relevant criminal conduct. Significantly, the prosecutor offered, and Reyes did not dispute, that he was to receive the same amount of compensation as two of his fellow crew members, which is evidence showing that he and two other coconspirators shared similar levels of responsibility within the conspiracy.[2] Because Reyes's actual conduct was equivalent to the relevant criminal conduct for which he was held accountable, he cannot use the larger criminal conspiracy to justify a mitigating-role reduction.

---

[2] See United States v. Renteria-Balanta, 255 F. Appx. 384, 389 (11th Cir. 2007) (per curiam) (determining that Reyes's similarly situated fellow crew member, Renteria-Balanta, did not warrant a minor-role reduction).

De Varon, 175 F.3d at 944. Furthermore, the criminal conduct of other participants in the wider drug conspiracy is irrelevant to the extent that such individuals are not identifiable from the evidence. Id. Therefore, Reyes failed to meet his burden of showing that he was less culpable than most of the other participants in the cocaine conspiracy. U.S.S.G. § 3B1.2 comt. n.5.

### III. CONCLUSION

Reyes, who pled guilty to conspiracy to possess and possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, has appealed the district judge's not giving him a mitigating-role adjustment to reduce his 120-month sentence. As we have explained, Reyes was not entitled to a minor-role adjustment. Because the district judge did not clearly err in denying Reyes a mitigating-role reduction, his sentence is AFFIRMED.